SHAHOOD, J.
AutoNation USA Corporation (“AutoNation”) appeals from an order of the trial court granting Jaime Miranda, Jr., Mykah Miranda, Steven Bailey, Nancy Bailey, Eric Kenney, and Peter Tabora (collectively “the appellees”) motion for class certification. We affirm the trial court’s certification as to the Class A members but reverse the certification as to the Class B members.
In this case, appellees allege that between May and July, 1999, AutoNation, former operator of a used car “megabusiness,” duped them into signing a Simple Interest Motor Vehicle Contract and Security Agreement (“Retail Installment Contract”) and thereafter unilaterally changed the terms. Specifically, they allege that AutoNation’s representatives verbally assured them that they had been unconditionally approved for financing and set forth the terms of the deal in an unsigned contract. Then, after plaintiffs took possession of the cars, AutoNation allegedly told them they were not approved for financing after all. AutoNation allegedly forced them to sign new retail installment contracts with less favorable terms, unless they wanted to forfeit their cars. Some of the appellees also allege that AutoNation failed to disclose to them that the cars they purchased were once used as leases.
Appellees sued AutoNation for damages based on violations of sections 520.07(l)(a) and (c), 501.203(3), and 319.14, Florida Statutes (1999).
Appellees subsequently sought certification for two classes of persons: Class A and B. Class A represents persons who, from August 6, 1995, through the date of the order certifying the class, purchased cars from AutoNation in Florida and signed retail installment contracts, but who were delivered unsigned contracts by AutoNation. Class B represents those persons who, from August 6,1995, through June 8, 1999, bought cars from AutoNation in Florida but were not informed that these cars were previously used as leased vehicles.
*1190 At the certification hearing, appellees withdrew their claim for damages under section 319.14, pending further discovery. Following the hearing, the trial court granted certification as to both classes.
The main issue in this appeal involves the propriety of the court’s having granted class certification under Florida Rule of Civil Procedure 1.220, which provides, in pertinent part,
(a) Prerequisites to Class Representation. Before any claim or defense may be maintained on behalf of a class by one party or more suing or being sued as the representative of all the members of a class, the court shall first conclude that (1) the members of the class are so numerous that separate joinder of each member is impracticable, (2) the claim or defense of the representative party raises questions of law or fact common to the questions of law or fact raised by the claim or defense of each member of the class, (3) the claim or defense of the representative party is typical of the claim or defense of each member of the class, and (4) the representative party can fairly and adequately protect and represent the interests of each member of the class.
(b) Claims and Defenses Maintainable. A claim or defense may be maintained on behalf of a class if the court concludes that the prerequisites of subdivision (a) are satisfied, and that:
‡ ‡ H*
(3) ... the questions of law or fact common to the claim or defense of the representative party and the claim or defense of each member of the class predominate over any question of law or fact affecting only individual members of the class, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy....
(emphasis supplied). “A party seeking class certification has the burden' of pleading and proving each and every element required under rule 1.220.” See Execu-Tech Bus. Sys., Inc. v. Appleton Papers Inc., 743 So.2d 19, 21 (Fla. 4th DCA 1999), rev. den., 763 So.2d 1042 (Fla.2000). Similarly, the trial court must “conduct a rigorous analysis to determine whether the elements of the class action rule have been satisfied.” Id. at 21-22.
We agree with the trial court that appellees alleged sufficient commonality, typicality, adequacy of class representatives, predominance, and superiority to comply with the requirements of rule 1.220 for the certification of Class A members and, therefore, affirm.[1]
Without conceding error as to the trial court’s certification of the Class B members, appellees chose not to respond to appellant’s contention that the trial court erred in certifying this class. Instead, they have concluded that it would be premature to pursue certification of a class under section 319.14, until the issues of standing and damages are resolved. In light of their position, we reverse the certification of the Class B members.
AFFIRMED IN PART; REVERSED IN PART.
STONE, J., concurs.
WARNER, J., concurs specially with opinion.

. The parties stipulated to numerosity for class certification purposes.